**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peggy Kasloff, | No. CV-18-04257-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Alan Kasloff, et al., | |
| Defendants. | |

Before the Court are counterclaimants Alan and Peggy Kasloff's motions to remand (Docs. 8, 11) and counterdefendant Owners Insurance Company's motion for leave to file a sur-reply (Doc. 19).[1] Owners' motion for leave to file a sur-reply is granted because the Kasloffs filed no opposition to the request, the sur-reply fairly responds to an argument the Kasloffs developed in their reply, and the sur-reply will help the Court resolve the motions to remand. As explained below, the Court grants the Kasloffs' motions to remand.

**I. Background**

In 2015, the Kasloffs were involved in an automobile accident with Scott Acton in Scottsdale, Arizona. The following year, Peggy filed a complaint in Maricopa County Superior Court asserting negligence claims against Alan and Acton based on the automobile collision. Alan then filed a cross-claim against Acton. The Kasloffs each obtained default judgments against Acton after he failed to appear. Because Acton had

---

[1] For ease, the Court will refer to counterclaimants individually as "Alan" and "Peggy" and collectively as "the Kasloffs," and to counterdefendant as "Owners."

insufficient insurance coverage, the Kasloffs sent the default judgments to their automobile insurer, Owners, demanding payment under their underinsured motorist coverage.

After receiving notice of the default judgments, Owners filed a complaint in the United States District Court for the District of Colorado seeking a declaratory judgment that its policy, for various reasons, does not provide liability or underinsured motorist coverage for the Kasloffs under these circumstances. The Kasloffs moved to dismiss Owners' complaint, arguing that it was premature and that the Colorado District Court should not hear the case until after the state court action resolved. The Colorado District Court administratively closed the case after concluding that it made more sense for Owners to intervene in the state court action to protect its interests.

Thereafter, Owners filed a complaint in intervention in the state court action. The state court allowed Owners to intervene and to participate in litigating the remaining issues of liability, allocation of fault, and damages, but did not set aside the default judgments against Acton. The Kasloffs each counterclaimed against Owners for breach of contract, bad faith, and declaratory relief with respect to various coverage-related issues.

The Kasloffs eventually settled Peggy's tort claims against Alan through private mediation. Owners attended the mediation but was not permitted to participate and was told only that the Kasloffs had settled the claims between them. On October 17, 2018, the Kasloffs filed a notice of settlement with the state court, which stated: "Plaintiff Peggy Kasloff hereby notifies this Court that the matter has settled with DEFENDANT ALAN KASLOFF ONLY. A Stipulation to Dismiss will be forthcoming." (Doc. 1-5 at 212.) In an October 19, 2018 minute entry, the state court calendared the case between the Kasloffs for dismissal on November 19, 2018, "unless prior to said date a Judgment is entered or a Stipulation for Dismissal is presented." (*Id.* at 214.) The Kasloffs did not file a stipulation for dismissal, but the state court formally dismissed Peggy's tort claims against Alan on December 3, 2018 in accordance with its October 19 minute entry. (Doc. 14-1.) As a result, the only remaining litigation is between the Kasloffs and Owners.

The Kasloffs are Colorado residents, Owners' principal place of business is Ohio,

and the amount in controversy exceeds $75,000. Accordingly, on November 29, 2018, Owners removed the matter to this Court based on the Court's diversity jurisdiction. 28 U.S.C. § 1332. The Kasloffs now ask the Court to remand, arguing (1) the Colorado District Court's order precludes Owners from removing, (2) Owners waived its right to remove by litigating in state court, (3) complete diversity is lacking because the Kasloffs' interests might not perfectly align, and (4) Owners did not timely remove within 30 days after receipt of the pleading, motion, order, or other paper from which it first was ascertainable that the case was removable. The Court agrees with the Kasloffs' last argument. Because that issue is dispositive, the Court will not discuss the Kasloffs' alternative arguments, which in any event are not persuasive.

**II. Discussion**

If a case is not removable at the outset, a defendant still may remove "within 30 days after receipt . . . through service or otherwise, of a copy of an amending pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(2)(3). Owners could not have removed this case at the outset because Peggy's tort claims against Alan defeated complete diversity. This case became removable after the tort claims between Peggy and Alan were effectively terminated because of their settlement. Owners filed its notice of removal on November 29, 2018. If Owners received a pleading, motion, order, or other paper from which removability could have been ascertained before October 30, 2018, its notice of removal is untimely. If, however, Owners did not receive a pleading, motion, order, or other paper from which removability could have been ascertained until after October 30, 2018, its notice of removal is timely.

The Kasloffs argue that the Notice of Settlement they filed with the state court on October 17, 2018, and the state court's October 19, 2018 minute entry placing the claims between the Kasloffs on the dismissal calendar put Owners on adequate notice that the case had become removable. Owners responds that it could not have been certain that the claims between the Kasloffs would be dismissed until after November 19, 2018, the date the state

court ordered the claims would be dismissed unless the Kasloffs presented a judgment or a stipulation to dismiss beforehand.

Owners correctly notes that the Ninth Circuit has not addressed whether a notice of settlement between non-diverse litigants, or a court order acknowledging such a settlement, qualifies as an "order or paper" from which removability may be ascertained. Courts across the country and within the Ninth Circuit are divided on this question, with some concluding that removal is improper until the non-diverse parties have been formally dismissed, and others concluding that removal is proper even without a formal dismissal of the non-diverse parties so long as a binding settlement has been reached between them. *See Price trustee of Vivian Price Family Trust v. AMCO Ins. Co.*, No. 1:17-cv-01053-DAD-SKO, 2017 WL 4511062, at *2-3 (E.D. Cal. Oct. 10, 2017) (collecting and synthesizing cases from various jurisdictions). In this District, at least one judge has considered this question and concluded that—absent unique circumstances, such as the need for court approval of a settlement—a notice of settlement between the non-diverse parties is adequate to trigger the 30-day removal clock even without a court order formally dismissing the non-diverse parties. *Moore v. Goodyear Tire & Rubber Co.*, No. CV-11-01174-PHX-NVW, 2011 WL 3684508, at *2 (D. Ariz. Aug. 23, 2011). The *Moore* decision noted that a contrary rule could encourage manipulation of settlements to ensure that a non-diverse party did not formally get dismissed until after the expiration of § 1446(c)'s absolute one-year limitation on removal. *Id.*

Having considered the parties' arguments and the competing authorities, the Court concludes, in line with *Moore*, that a formal dismissal of the non-diverse parties is not required absent unique circumstances not present here. Aside from finding this line of authority more persuasive (as did the judge in *Moore*), the Court's conclusion is bolstered by the long-standing principle that the removal statute is strictly construed against removal jurisdiction, and in doubtful cases jurisdiction should be rejected. *See Gaus v. Miles, Inc.,* 980 F.3d 564, 566 (9th Cir. 1992). Indeed, adding doubt to the timeliness of Owners' removal is the fact that Owners itself does not seem not seem to take the position that a

formal dismissal of the claims between the Kasloffs was required. As previously noted, the state court issued an order on December 3, 2018, formally dismissing the claims between the Kasloffs. Owners does not contend that removability first became ascertainable from this order, nor could it—Owners filed its notice of removal three days *before* the state court issued this order. Apparently, then, Owners believes it this matter became removable at some point before the state court formally dismissed the claims between the non-diverse parties.

**III. Conclusion**

The Court finds that the October 17, 2018 notice of settlement and the October 19, 2018 minute entry from the state court acknowledging the settlement and calendaring the claims between the Kasloffs for dismissal, individually and in combination, qualify as an "order or other paper" from which removability first became ascertainable. Owners' notice of removal, which was filed more than 30 days later, is therefore untimely.

The Kasloffs ask for an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c), which permits the Court, in its discretion, to shift fees and costs incurred because of an improper removal. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Because the timing question at issue has divided courts across the country and has not been squarely addressed by either the Ninth Circuit or the United States Supreme Court, the Court finds that an award of fees is inappropriate. Though the Court adopts the line of authority favoring a remand, Owners had a reasonable basis for seeking removal. Accordingly,

**IT IS ORDERED** as follows:

1. Owners' motion for leave to file a sur-reply (Doc. 19) is **GRANTED**. The Clerk of the Court shall file the sur-reply currently lodged at Doc. 20.

//
//
//

2. The Kasloffs' motions to remand (Doc. 8, 11) are **GRANTED**, but their requests for attorneys' fees are **DENIED**. The Clerk of the Court shall remand this matter to the Maricopa County Superior Court.

Dated this 18th day of April, 2019.

Douglas L. Rayes
United States District Judge